**Bernard SMITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 83–1640.**

United States Court of Appeals,
Eighth Circuit.

Aug. 4, 1983.

Rehearing and Rehearing En Banc
Denied Sept. 15, 1983.

Thomas E. Dittmeier, U.S. Atty., David M. Rosen, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Bernard Smith, pro se.

Before HEANEY, BRIGHT and FAGG, Circuit Judges.

PER CURIAM.

Bernard Smith appeals from the district court's[1] order denying his motion to vacate his sentence under 28 U.S.C. § 2255. Smith argues that the temporary suppression of his indictment denied him due process and that the indictment itself was insufficient.

He also challenges the sufficiency of the evidence. We affirm.

■ The temporary suppression of Smith's indictment did not interfere with Smith's ability to prepare his defense. On the day the grand jury indicted Smith and a warrant was issued for his arrest, the presiding judge also ordered that the indictment be sealed and suppressed until Smith was taken into custody or had given bail for his final appearance. See Fed.R.Crim.P. 6(e)(4). When the police arrested Smith the next day, the suppression order was automatically lifted. A notation on the arrest warrant confirms that Smith received a copy of the indictment the day of his arrest. The record thus demonstrates that Smith had adequate notice of the charges against him.

■ The indictment charged Smith with, *inter alia*, possession of a firearm as a convicted felon in violation of 18 U.S.C.App. § 1202(a)(1).[2] Smith asserts that the indictment was deficient because it failed to allege that he had previously been convicted of an offense punishable by a term of imprisonment exceeding one year, and did not allege a nexus to interstate commerce. The indictment states: "Bernard Smith, having been previously convicted * * * [in] North Carolina of the crime of Armed Robbery (3 counts), felonies under the laws of North Carolina, did receive, possess and transport in commerce and affecting commerce a firearm * * *." This language tracks the requirements of the statute, and the indictment's failure to further define the felony of armed robbery as an offense punishable by a term of imprisonment exceeding one year is immaterial. *See Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *Goodloe v. Parratt,* 605 F.2d 1041, 1045 (8th Cir.1979).

---

1. The Honorable John K. Regan, United States District Judge for the Eastern District of Missouri.

2. Section 1202(a)(1) states in pertinent part:
   (a) Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony * * * and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

Finally, Smith contends that the government did not prove at trial the nexus to interstate commerce required by 18 U.S. C.App. § 1202(a)(1). We disagree. The government meets its burden "if it demonstrates that the firearm received has previously traveled in interstate commerce." *United States v. Bass,* 404 U.S. 336, 350, 92 S.Ct. 515, 524, 30 L.Ed.2d 488 (1971). It is sufficient to show that the firearm was manufactured in, or shipped from, a state other than the state where it was found in the felon's possession. *See United States v. Liggons,* 545 F.2d 1118, 1120 (8th Cir.1976), *cert. denied,* 430 U.S. 971, 97 S.Ct. 1657, 52 L.Ed.2d 363 (1977) (revolver was manufactured in Massachusetts, shipped to Great Britain, and subsequently appeared in Minnesota). To prove interstate nexus in this case, the government called a firearms expert. He testified that the sawed-off shotgun seized from the defendant was made in Ibar, Spain, and imported by Universal Corporation to Hialeah, Florida. One barrel of the gun is actually marked "Universal Firearms Corporation Hialeah, Florida," and the other barrel is marked "Made in Spain." Police officers confiscated the shotgun from Smith in Missouri. This evidence demonstrated the interstate nexus element of Smith's offense.

Accordingly, the judgment of the district court is affirmed.